UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:17 CV 302 CDP |
| | ) | |
| REPUBLIC SERVICES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This case is before me on defendants' Motion to Dismiss. The Court's August 9, 2017, Order set a deadline for plaintiff to respond to defendants' motion and explicitly warned plaintiff that he needed to address all of defendants' arguments for dismissal. Plaintiff filed an untimely response that failed to address any of defendants' substantive arguments. The Second Amended Complaint fails to state legal elements or factual allegations sufficient to state a cause of action. Defendants' motion to dismiss under Rule 12(b), Fed R. Civ. P., will be granted.

### **Background**

This case was removed to this court from the St. Louis County Circuit Court by defendants on January 27, 2017, at which time defendants also filed a motion to dismiss. On March 28, 2017, the Court issued a Show Cause Order asking plaintiff's counsel why he had failed to respond to the Clerk of Court's multiple

notifications that he needed to register to be admitted to practice in this district court. On May 23, 2017, the Court issued a second Show Cause Order acknowledging that plaintiff's counsel had completed the court admission process but still had not responded to defendants' motion to dismiss. Plaintiff requested an additional thirty to sixty days to respond, stating that he was never served with the motion to dismiss and was having difficulty with the federal electronic filing system. At that time, I warned plaintiff that I had "reviewed the motion to dismiss, the original state-court petition, and the amended petition and I agree[d] that the current pleadings [were] subject to dismissal for the substantive reasons stated in defendant's motion." However, rather than dismissing at that time, I granted plaintiff forty-five days to file an amended complaint "that complies with the federal rules." I reminded plaintiff's counsel that "he is expected to comply with The Federal Rules of Civil Procedure and with the Local Rules of this court." ECF No. 23.

Plaintiff then filed documents that the Court interpreted to be a Response to the motion to dismiss and a Second Amended Complaint. Defendants filed a new motion to dismiss directed at the Second Amended Complaint. On August 9, 2017, I ruled the original motion to dismiss moot due to the filing of an amended complaint, and I gave plaintiff a deadline of August 18, 2017, to respond to defendants' second motion to dismiss. In that order, I specifically warned plaintiff

that "**his response must address all issues raised by defendants**." ECF No. 31. Plaintiff was also warned that failure to comply with the order could result in dismissal of the case with prejudice.

On August 20, 2017 – two days late – plaintiff filed an "Answer to Defendants' Motion for Dismissal." The "Answer" is a duplicate of the same document plaintiff filed in response to defendants' first motion to dismiss. He made no changes to his response despite the Court's warning that "his response must address all issues raised by defendants" because the Court's initial review of the Second Amended Complaint indicated that defendants' arguments were well-taken. ECF No. 31. As an exhibit to the "Answer," plaintiff attached a document titled "Plaintiff's Response To Defendant's Motion For Dismissal Of Plaintiff's Second Amended Petition For, 'Failure To State A Claim Upon Which Relief Can Be Granted.'" This "Response," however, is essentially a duplicate of the "Answer" to which it is attached. Both documents mostly repeat the language from the Second Amended Complaint.

## **Motion to Dismiss Standard**

Defendants seek dismissal of plaintiff's Second Amended Complaint for failure to state a claim upon which relief can be granted under Rule 12(b)(6). The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. When considering a 12(b)(6) motion, the court assumes the

that "**his response must address all issues raised by defendants**." ECF No. 31. Plaintiff was also warned that failure to comply with the order could result in dismissal of the case with prejudice.

On August 20, 2017 – two days late – plaintiff filed an "Answer to Defendants' Motion for Dismissal." The "Answer" is a duplicate of the same document plaintiff filed in response to defendants' first motion to dismiss. He made no changes to his response despite the Court's warning that "his response must address all issues raised by defendants" because the Court's initial review of the Second Amended Complaint indicated that defendants' arguments were well-taken. ECF No. 31. As an exhibit to the "Answer," plaintiff attached a document titled "Plaintiff's Response To Defendant's Motion For Dismissal Of Plaintiff's Second Amended Petition For, 'Failure To State A Claim Upon Which Relief Can Be Granted.'" This "Response," however, is essentially a duplicate of the "Answer" to which it is attached. Both documents mostly repeat the language from the Second Amended Complaint.

## **Motion to Dismiss Standard**

Defendants seek dismissal of plaintiff's Second Amended Complaint for failure to state a claim upon which relief can be granted under Rule 12(b)(6). The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. When considering a 12(b)(6) motion, the court assumes the

that "**his response must address all issues raised by defendants**." ECF No. 31. Plaintiff was also warned that failure to comply with the order could result in dismissal of the case with prejudice.

On August 20, 2017 – two days late – plaintiff filed an "Answer to Defendants' Motion for Dismissal." The "Answer" is a duplicate of the same document plaintiff filed in response to defendants' first motion to dismiss. He made no changes to his response despite the Court's warning that "his response must address all issues raised by defendants" because the Court's initial review of the Second Amended Complaint indicated that defendants' arguments were well-taken. ECF No. 31. As an exhibit to the "Answer," plaintiff attached a document titled "Plaintiff's Response To Defendant's Motion For Dismissal Of Plaintiff's Second Amended Petition For, 'Failure To State A Claim Upon Which Relief Can Be Granted.'" This "Response," however, is essentially a duplicate of the "Answer" to which it is attached. Both documents mostly repeat the language from the Second Amended Complaint.

## **Motion to Dismiss Standard**

Defendants seek dismissal of plaintiff's Second Amended Complaint for failure to state a claim upon which relief can be granted under Rule 12(b)(6). The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. When considering a 12(b)(6) motion, the court assumes the

factual allegations of the complaint are true and construes them in favor of the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989).

Rule 8(a)(2), Fed. R. Civ. P., provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corp. v. Twombly*, the Supreme Court clarified that Rule 8(a)(2) requires complaints to contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." 550 U.S. 544, 555 (2007); accord *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Specifically, to survive a motion to dismiss, a complaint must contain enough factual allegations, accepted as true, to state a claim for relief "that is plausible on its face." *Twombly*, 550 U.S. at 570.

## Discussion

Plaintiff's Second Amended Complaint ("Complaint") is difficult to understand and inconsistent, with unlabeled exhibits attached in no particular order. Even in the Court's best attempt at interpreting the allegations of the Complaint in the light most favorable to plaintiff, I agree with defendants that the Complaint fails to state a claim under Rule 12(b)(6).[1] In the "Case Abstract" of the Complaint, plaintiff states that his case is based on three legal theories which he describes as "contract, property and tort laws." ECF No. 25 at 2. The Complaint

---

[1] Defendants argue that the Complaint fails to comply with multiple Federal Rules of Civil Procedure; fails to plead the necessary elements of a private cause of action under CERCLA; fails to state a legal basis for the attorneys' fees request; and that the property "12746 San Clemente Property, In Rem" cannot be a named plaintiff in a lawsuit.

contains no allegations about a contract; therefore any contract claim fails. The plaintiff makes several references in the Complaint to his rejection of a class action settlement offer involving defendants. ECF No. 25 at 2-5. What may or may not have happened in another case does not excuse plaintiff from pleading a claim here, if he wants this case to proceed. The details of that settlement offer are not admissible here and its existence is irrelevant to whether plaintiff's Complaint can state a claim under Rule 12(b)(6).

In Count I of the Complaint, plaintiff complains that his property values have been diminished in reference to a "Nuisance" claim. It is unclear whether plaintiff alleges a public or private nuisance; however, the Complaint contains insufficient allegations to support either type of claim. In Missouri, a public nuisance is "any unreasonable interference with common community rights such as the public health, safety, peace, morals or convenience." *City of Lee's Summit v. Browning*, 722 S.W.2d 114, 115 (Mo. Ct. App. 1986). In contrast, a private nuisance rests on tort liability and involves a "nontrespassory invasion of another's interest in the private use and enjoyment of land." *Sofka v. Thal*, 662 S.W.2d 502, 508 (Mo. 1983); *Schwartz v. Mills*, 685 S.W.2d 956, 958 (Mo. Ct. App. 1985). Both types of nuisance claims require plaintiff to show a causal link between the defendants and the alleged nuisance. *City of St. Louis v. Varahi, Inc.*, 39 S.W.3d 531, 535-38 (Mo. Ct. App. 2001); *Brown for Estate of Kruse v. Seven Trails*

*Investors, LLC*, 456 S.W.3d 864, 875 (Mo. Ct. App. 2014). The Complaint contains no facts establishing a public or private nuisance, or allegations that defendants caused any alleged nuisance. Also, plaintiff specifically states later in his Complaint, and in his "Answer," that he "is not invested in proving Defendant's Culpability for the Nuisance." ECF No. 25 at 4 & No. 32 at 7. The Complaint fails to state a claim for private or public nuisance under Missouri law.

Count II of the Complaint refers to "gross negligence," but does not allege the elements of a negligence claim under Missouri law.[2] The required elements for a claim of negligence in Missouri are: (1) defendant has a legal duty to use ordinary care to protect plaintiff from injuries; (2) breach of that duty; (3) proximate cause between the breach and resulting injury; and (4) actual damages to plaintiff's person or property. *Phelps v. Bross*, 73 S.W.3d 651, 657 (Mo. Ct. App. E.D. 2002). "[W]hether negligence exists in a particular situation depends on whether or not a reasonably prudent person would have anticipated danger and provided against it." *Scheibel v. Hillis*, 531 S.W.2d 285, 288 (Mo. 1976). Plaintiff's Complaint does not assert facts establishing the elements of a negligence claim nor does it allege that defendants failed to use reasonable care or breached

---

[2] The Court agrees with defendants' argument that Missouri does not recognize a cause of action for "gross negligence," and therefore will interpret plaintiff's allegations as a negligence claim. See *Warner v. SW. Bell Tel. Co.*, 428 S.W.2d 596, 603 (Mo. 1968).

any duty owed to plaintiff. The Complaint fails to state a claim for negligence under Missouri law.

Count III of the Complaint is brought under "Environmental Law" and mentions the Comprehensive Environmental, Response, Compensation, and Liability Act (CERCLA), but does not contain the necessary elements of such a claim. A prima facie case for liability under CERCLA requires the plaintiff establish that (1) the site is a "facility;" (2) a "release" or "threatened release" of a "hazardous substance" from the site has occurred; (3) the release or threatened release has caused the United States to incur response costs; and (4) the defendants fall within at least one of the four classes of responsible persons described in 42 U.S.C. § 9607(a). *U.S. v. Aceto Agric. Chems. Corp.*, 872 F.2d 1373, 1378-79 (8th Cir. 1989). Plaintiff's Complaint does not contain allegations that could establish these necessary elements and therefore fails to state a claim under CERCLA.

A Complaint must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Rule 8(a) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. Rule 10(b) requires that a party must state his claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances. In other words, the complaint should not be overly wordy or repetitive. It should instead be limited to the 'who, what, when, and where' of the

facts of plaintiff's claim or claims.  Plaintiff's "Answer" acknowledges Rule 8(a) and the need for "numbering of paragraphs," but the Complaint does not contain numbered paragraphs, nor does it contain a short and plain statement of the claims. The Complaint is overly wordy with an incomprehensible pattern of capitalized and not capitalized words.  It fails to clearly identify each defendant by name and articulate specific facts about that defendant's wrongful conduct.  Plaintiff's Complaint fails to meet the requirements of the Federal Rules.

In addition, plaintiff's "Answer" does not address the substantive legal arguments made by defendants in their motion to dismiss, and blatantly ignores the Court's multiple warnings.  The Court reminded plaintiff to follow the Federal Rules of Civil Procedure and Local Rules of the Court, yet the Complaint fails to meet pleading standards.  Plaintiff ignored the Court's explicit warning that all of defendants' legal arguments be addressed when he simply refiled the same deficient response that he had filed against the first motion to dismiss.

## Conclusion

The Second Amended Complaint fails to state a claim upon which relief can be granted.  As defendants' motion under Rule 12(b)(6) correctly points out, the Complaint does not allege the necessary elements of any legally cognizable cause of action and contains insufficient factual allegations to establish any claim.  The Complaint also violates the federal pleading requirements of Rules 8 and 10.

Plaintiff's "Answer" in opposition to dismissal was filed two days late and does not address the defendants' substantive legal arguments. The Court has given plaintiff multiple extensions of time and opportunities to correct his deficient pleadings. This case will be dismissed with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' Motion to Dismiss [#29] is **GRANTED**. This case is dismissed with prejudice.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 13th day of September, 2017.